BEFORE THE THIRD DIVISION, OCTOBER 11, 1956

**No. 60282.**—Amity Silk Corporation *v.* United States, protests 195037–K and 195038–K (New York).

JOHNSON, Judge:    This case involves merchandise which was assessed with duty at 25 cents per square yard under paragraph 909 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and at 5 cents per pound under paragraph 924, as modified, as twill-back velveteen, containing cotton having a staple of over one and one-eighth inches in length.    It was claimed that duty was assessed under paragraph 909, as modified, upon a greater yardage than that actually received and that the merchandise was not subject to the additional duty under paragraph 924, as modified, since it was made with cotton having a staple of less than one and one-eighth inches in length.

These protests were before us in *Amity Silk Corporation* v. *United States*, 33 Cust. Ct. 238, C. D. 1659, wherein the claim that the merchandise was not subject to the additional duty under paragraph 924, as modified, was sustained, but the claim that duty was assessed upon a greater quantity than that imported into the United States was overruled.    As to the latter claim, we held that the record was insufficient in that it showed that the importer had not measured the merchandise until some time after it left customs custody and that the cases were not traced from the time they were released from customs custody until they reached the importer's place of business.

Plaintiff subsequently moved for a rehearing, claiming that the excess yardage could not have entered the United States, because it had not been ordered, and that the truckman's testimony was unnecessary, citing *Scintilla Magneto Co.* v. *United States*, 63 Treas. Dec. 1147, T. D. 46493.    In the alternative, a rehearing was requested, in order that such testimony might be supplied.

The motion was granted, and the case is now before us for further consideration. At the hearing, counsel for the plaintiff stated that he had planned to call the truckmen who had transported the merchandise, but they had no recollection of the transaction. Accordingly, the case was resubmitted on the record and briefs heretofore filed.

In *Scintilla Magneto Co.* v. *United States, supra,* relied upon by plaintiff, the invoiced quantity was 220 gears, but, upon arrival at importer's warehouse, the case was found to contain only 20 gears. The total weight of the case as shown by the railroad freight bill agreed with the total weight of the articles received by the importer. The case would have weighed 112 pounds, 8 ounces, more than the weight shown on the railroad freight bill, if it had contained the 200 additional gears. Only 20 gears were ordered by the importer, and it received a credit from the foreign shipper for the additional invoiced quantity. On this record, it was held that a *prima facie* showing of shortage had been made.

In the instant case, the merchandise was ordered on the pound basis, but the importer did not weigh the goods on their arrival here. Consequently, there is no evidence that the weight received was different from the weight ordered or invoiced. There is no showing that the invoiced number of yards could not have agreed with the weight of the merchandise ordered. Apparently, no credit allowance was claimed or made. It is evident that the circumstances in *Scintilla Magneto Co.* v. *United States, supra,* were entirely different and that that case is not applicable to the facts herein.

Duty was assessed here on the basis of the number of yards invoiced and entered. The plaintiff claims that this amount is incorrect and that it did not receive the quantity invoiced and entered.

The cases were not traced from the time they left customs custody until they arrived at importer's place of business. Although the witness suspected from the very beginning that something was wrong, because every case was invoiced at the same poundage, the cases were not opened and the merchandise measured under customs supervision, nor, in fact, until portions were sold from time to time during a period of about 6 months. The witness stated that the cases were iron strapped and metal bound and concluded that they had not been tampered with. The evidence does not indicate, however, that cases so strapped could not have been opened and merchandise abstracted either between the time they left customs custody and arrived at importer's place of business or at any time before they were opened and the contents measured under the witness' supervision. Where a given quantity of merchandise has been entered and duty paid thereon, there is a strong presumption that all of the goods have been delivered, and, in order for the importer successfully to claim a shortage, every element of proof necessary to establish that the goods were not imported should be presented. *United States* v. *H. W. Robinson & Co.,* 20 C. C. P. A. (Customs) 222, T. D. 46036.

Adhering to our original decision, and in view of the authorities there cited, we conclude that the record presented is insufficient to establish that the missing yardage was never landed in the United States.

In conformity with the stipulation of counsel at the first hearing herein, the protests are sustained as to the claim that the merchandise is not subject to duty at 5 cents per pound under paragraph 924 of the Tariff Act of 1930, as modified. They are overruled as to the claim that duty was assessed upon a greater quantity of merchandise than that imported into the United States. Judgment will be rendered accordingly.